## COX v. CITIZENS' STATE BANK OF ROCKDALE.

### No. 7734; Motion No. 7331.

Court of Civil Appeals of Texas. Austin.
June 15, 1932.

**McCLENDON, C. J.**

Appellant has not briefed the case, and appellee moves to dismiss the appeal on that ground. Appellant points out certain rulings of the trial court which it is urged constitute fundamental error.

We have made a careful examination of the entire record (exclusive of the statement of facts) and find no error of the trial court, fundamental or otherwise.

The rulings pointed out by appellant all relate to the court's charge. In order to determine the correctness of these rulings, it would be necessary to apply the charge to the facts. This would necessitate an examination of the statement of facts. Error predicated upon such ruling is not fundamental. 3 Tex. Jur. p. 823, § 581.

The suit was by the appellant (a landlord) against the bank (a mortgagee of the tenant), for the value of crops alleged to have been converted by the bank, upon which appellant held a landlord's lien. The case was tried to a jury upon special issues.

The first ruling complained of by appellant was the failure of the trial court to instruct the jury upon the law of landlord and tenant as regards the landlord's preference lien. In a special issue trial it is improper to instruct the jury upon the law of the case. The jury were asked certain specific questions, from which the amount of rentals due appellant could be and was calculated; and the judgment was based upon these fact findings. Whether the jury had any knowledge of the law was immaterial, and a charge upon the law could have no bearing whatever upon the proper disposition of the case, except as it might tend to confuse the jury.

The second error alleged was the failure of the trial court to instruct the jury to bring in a verdict for appellant for an amount arrived at by taking into consideration certain elements of damage; and the overruling of an objection to issues submitted to the jury because not framed in accordance with this requested special issue. The requested issue was in the form and in fact a general charge on the measure of damages. The issues submitted by the court called for specific fact findings, from which the proper damages could be deduced, and upon which the judgment was based.

The third ruling complained of relates to objections to certain special issues, on the ground that they were not so framed as to establish the proper elements of damage warranted by the evidence. Manifestly to determine the correctness of the submitted issues in this regard, it would be necessary to examine the statement of facts.

The fourth and last alleged error is predicated upon the refusal of the trial court to submit a special charge, instructing the jury to bring in a verdict for plaintiff, "for such sum as exemplary damages as you may believe from the evidence to be just and proper."

This requested charge was manifestly a general charge and therefore improper. Additionally, its applicability to the case could only be determined by examining the statement of facts. Furthermore, in answer to special issue No. 11, the jury found that the bank did not "wilfully seize and take possession of said Cox premises and gather the ungathered crop thereon with the intention of converting the same to its own use." This issue was manifestly directed to the claim for exemplary damages, and its negative finding eliminated that issue from the case.

The motion is granted, and the appeal is dismissed.

Motion granted; appeal dismissed.